Good morning. May it please the Court, my name is David Porter. I'm an Assistant Federal Defender from the Eastern District of California, and I represent the Appellant Richard Anthony Hernandez. I'd like to focus my remarks this morning on two points. The first is the peremptory challenge against Juror No. 5-432, who is the custodian, because I think that is the most clearly pretextual of the prosecutor's five strikes. The second is the two decisions that I believe compel habeas corpus relief in this case, that is Snyder v. Louisiana and McClain v. Prunty. The prosecutor gave three reasons for striking the custodian. The first, the main reason, and I think it's fair to characterize this as his main reason because he repeated the fact twice and it was the first and the last thing he said, is that being a janitor, the custodian was not that intelligent. The second reason is that the janitor had out-of-court obligation, quote, to his kids or wife or something, I can't remember what it was. The third reason he gave was that the juror was joking around, and I didn't feel that he was taking this matter very seriously. All right. Now, in Snyder v. Louisiana. Let me ask you a question before you begin. And I hate to ask a question. I seem to ask the same questions each time. But it seems to me that we really have a California court, don't we here? Yes, we do. And we had a California court of appeals decision, which is the last reason decision upon which I could look at. Yes, we do. And therefore, given the California court of appeals decision, they analyzed the law and the facts in that decision in a fair amount of detail, I would suggest. No, Your Honor. Well, okay. You can disagree with me. What is it that I have to do in my review? The test isn't whether I believe the prosecutor's reasons. My test is I have to find that the California court of appeals decision was objectively unreasonable, not a matter of me agreeing or not agreeing with what they did, but that their decision was objectively unreasonable. What part of their decision is objectively unreasonable as it relates to these issues? It all goes directly to McLean v. Prunty, because that's the Ninth Circuit case that's the ADPA case that focuses on that very issue, Your Honor. And the unreasonable application is unreasonable application of Batson that requires a meaningful and sensitive inquiry on the third step of the Batson inquiry. So they have to analyze what the prosecutor's reasons were and make factual findings. That's why Snyder is very important. There were no factual findings made by the trial judge in this case, absolutely none. He accepted the argument. I can understand, but I also looked at the California court of appeals decision. Actually, in this circuit, Your Honor, under McLean v. Prunty at 217, Fed Third, 1222, there was no analysis whatsoever of the California court of appeal decision. Under the ADPA, they examined the unanimous three-judge opinion. They examined the trial judge's ruling in that case, said he failed to take a meaning --"failed to examine meaningfully and evaluate the prosecutor's reasons." And under both 2254d-1 and 2254d-2, habeas relief was justified and was appropriate under the Anti-Terrorism and Effective Death Penalty Act. So you're suggesting that I do not have to look at the last reasoned decision of the California courts in making this decision? Well, as we pointed out in our brief, Your Honor, there are other Ninth Circuit cases that do look at the court of appeal decision. And I believe that even if we do look at the court of appeal decision, they did not properly apply Batson either. First of all, the court of appeal didn't even examine the main reason for striking the janitor. They did not examine the reason, was he not intelligent enough to come to a decision in the case, whereas in the McLean v. Pronti decision, the ---- You just labeled you as I understood it, you just said there were three different decisions that the prosecutor suggested were the reasons. That's correct. Not just one. That's correct. And one was, yes, he wasn't intelligent, but then there were others, which you also mentioned. One was that in their ---- in his situation, based on what happened in that situation, he felt like that the juror was unable, given the schedule. That's right. And one reason why that's protectional, Your Honor, is he said he didn't even remember what the reason was. He said his kids or his wife or something, I can't even remember what it was. That highly suggests to me that the reason is protectional. If it's important enough to strike the juror, then it should be something that he should remember. But moreover ---- But it is the difference between 5432 and all other non-strikes in other decisions, because even under 5432, when one has a problem with wives or children and they're on the jury and they're concerned about their particular situation, that could be quite different than being worried about whether we have a job or whether the job is carrying on or whether the job needs to be met. And that's why I'm trying to ---- I mean, my review is that I have to look at what the California Court of Appeals did, and then I have to determine if it was out of the question. It couldn't have been. There was Supreme Court precedent which would say it wouldn't be. But in each one of these situations, having been at the trial, problems with children and wives and family are a great deal different than problems with work. And that is one of the things the prosecutor said. Well, I respectfully disagree, Your Honor. If my wife tells me that my 8-year-old and 10-year-old daughter that I'm responsible for taking them to school in the morning, come hell or high water or jury service, I'd do that. Well, that's what it says. But is it unreasonable to take that into account as a nonprotectual reason? That's the question. That's the question. And Justice Alito answered that question in the Senate. The paragraph in question that we're looking at, to be very precise, is on page 37 of the excerpts of record, the appellant, where the reference of the California Court of Appeals is to Juror 5432. What is it about that paragraph? Just to go back to what Judge Smith said a minute ago, what is it about that paragraph that is unreasonable, that evidences an unreasonable approach by the Court? Page 37. I'm sorry. I don't have my excerpts of record in front of me. But the what Justice Alito said in Snyder is they examined the issue of whether the Mr. Brooks had conflicting obligations, and he was a student teacher, and the court said, and the prosecutor used the same reason here, this person had conflicting obligations outside of the court. But according to the comparative juror analysis that the Supreme Court engaged in, there were similarly situated white jurors who had obligations, quote, that appear to have been at least as severe as Mr. Brooks. You know, the problem I'm having with your argument, I'm having, is that it wasn't just that he had a conflicting obligation. It was that he didn't seem to be taking it seriously. And your honor, yes. And I am, and then it says that these concerns find some support in the record. And you notice that there's nothing. He said he didn't want to be a jury because he had to drive his daughter to school every day. And you notice, Your Honor, after they say that, they find support in the record, there's nothing more to say that he was joking around. If you read his answers, there is nothing about his answers that indicates that he was joking around. And when you have a debate here and there. Scalia, these answers weren't joking around, but maybe he's, which we can't tell from here, maybe he's poking other jurors or they're having private conversations. Absolutely. And that's why the demeanor. Yeah. And then that's exactly what the opinion seems to say, is that the trial judges know the local prosecutors assigned to their courts in a better position than appellate courts to evaluate the credibility and genuineness. I think they're saying, look, you know, they were there and they know better than we do whether this was a genuine reason. I urge Your Honors to read my 28-J letter that I submitted last week on Snyder v. Louisiana. That is exactly on point. There was a demeanor objection in that reason. The perspective juror looked nervous throughout the proceedings. Now, what did the Supreme Court do? Did it just presume that that was right because that's what the trial judge agreed with, said, okay, there's no protectual reason there? No. The Supreme Court of the United States insisted that there has to be a sensitive, meaningful analysis. You can't just accept the prosecutor's reasons. And in this case, there, when you do comparative juror analysis and you show that other people are doing that, so I would like to reserve. If you could more than use your time, we helped you. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Kathleen McKenna representing the Warden in this case. As the Court noted, in this case, the California court applied the controlling Federal law, Batson v. Kentucky, and it conducted the necessary inquiry by holding the hearing. That hearing was the necessary fact-finding process that the Court was required to conduct. There is no formulaic approach that the Court's required to use. It's not required to engage in questioning. And, in fact, in Perkett v. Elam, there's no evidence that there was any questioning whatsoever. I was trying to ascertain whether there were Hispanics on the jury that actually heard the case. Excuse me.  I was trying to ascertain whether there were Hispanics that were on the jury. Well, Your Honor, that's another problem with this record, and a problem with how the defendant failed to meet his burden of proving that there was discrimination, because on this record we have no idea what the composition of the actual jury was. We only know that the defendant made the prima facie showing that these four particular jurors. There was a reference by the prosecutor to the fact that he did not strike all the Hispanics. Yes. It's not clear whether the he said that there are still two or three Hispanics who are available to serve, and it's not clear whether those are actually on the jury panel that sat or whether there were members of the veneer. But, yes, there's just really no basis in this record. We don't have a very complete or full record of what the other jurors' backgrounds were. And in this case, as the Court has also noted, this is an AEDPA case. So the court, the State court, the last court's reasoned opinion is entitled to deference. And that's a big difference between this case and Snyder. Snyder v. Louisiana was taken up on direct appeal. It was not an AEDPA case. Therefore, there's not that additional level of deference applied to the State court's findings. So that wasn't a Federal habeas case. That was a direct case from that State. That's right. To the Supreme Court. That's right, Your Honor. I would just conclude by saying that, again, the court, the State court conducted the inquiry that it was required to do and applied the correct controlling law, and as this Court has said in Taylor v. Maddox, State courts aren't required to address every piece of evidence. And, in fact, in Yee v. Duncan, even where the prosecutor could not recall his reasons for excusing the juror, that still does not prevent the moving party who is opposing the strikes from making his necessary – satisfying his necessary burden of proof in showing a discriminatory intent. And there was no proof of discriminatory intent in this case. If there are no further questions?  Thank you. Thank you. Addressing Judge Smith's question. Aren't we in the red? He's out of time. You don't have any time. You're over time. You gave him 8 seconds, Your Honor. May I address Judge Smith's question? No, no. We really are out of time, and we have a full calendar, and we think we understand your position fully. It's very well set forth. Thank you. The case just argued is submitted, and we'll hear the next case, which is Citizens Telecommunication Company of California v. the International Brotherhood of Electrical Workers.
judges: Schroeder, Smith, Walker